HARRIS WISHNATZKI and Others, Copartners Doing Business under the Firm Name and Style of WISHNATZKI & WASSERMAN, Appellants, v. GREAT NORTHERN RAILWAY COMPANY, Respondent.

First Department, December 28, 1928.

*G. Noyes Slayton* of counsel [*Slayton & Jackson,* attorneys], for the appellants.

*Chester Bordeau* of counsel [*White & Case,* attorneys], for the respondent.

FINCH, J. The question presented by this appeal is the liability of a common carrier under a bill of lading in connection with a tariff regulation and the Carmack Amendment. Where a common carrier has issued a bill of lading to deliver a shipment at New York and claims the right under a tariff permitting a routing to Jersey City, to compel acceptance of the shipment at Jersey City and release from liability beyond that point, the tariff regulation is invalid under the Carmack Amendment.

The defendant railway company, at Wenatchee, Wash., received a shipment of cherries consigned to the plaintiffs at pier 20, New York, and issued its bill of lading as initial carrier on the through route to destination, specifying " Erie Ry." The car containing the cherries duly arrived at Jersey City and was placed on an Erie railroad float and ferried across the Hudson river to pier 20. The Erie railroad, however, refused to deliver the cherries or any portion thereof on the day of arrival, as a result of which the plaintiffs lost the advantage of an auction sale of cherries held on that day, thereby suffering a loss arising from a sharp depreciation in market price from that day to the date of delivery. The defendant does not seriously contest the injury and the amount of damage, but seeks to escape liability by claiming that the consignee accepted delivery of the shipment at Jersey City and, therefore, that the defendant's liability ceased at that point and before the delay occurred. In support of this contention the defendant relies upon the plaintiffs' receipt for the shipment at Jersey City, according to the practice which had been established under a tariff reading as follows: " Carload rates named herein to Brooklyn or New York City, N. Y., when routed via New Jersey terminals such as * * * Jersey City, N. J., do not include delivery service in Brooklyn or New York City."

Assuming this tariff to be a part of the contract of carriage, the defendant is not relieved of liability because, as initial carrier, it continued liable until physical delivery at point of destination, to wit, pier 20, New York, and such liability may not be impaired by

any contract, receipt, rule or regulation. As was said by Mr. Justice HUGHES, in *New York & Norfolk Railroad* v. *Peninsula Exchange* (240 U. S. 34, 37): "The amendment of § 20 of the Interstate Commerce Act, known as the Carmack Amendment (Act of June 29, 1906, c. 3591, § 7, 34 Stat. 584, 595), provides 'that any common carrier * * * receiving property for transportation from a point in one State to a point in another State shall issue a receipt or bill of lading therefor and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property caused by it or by any common carrier * * * to which such property may be delivered or over whose line or lines such property may pass, and no contract, receipt, rule, or regulation shall exempt such common carrier * * * from the liability hereby imposed.'"

It is clear that the unlawful tariff was the basis of the alleged delivery at Jersey City and the extra charge there exacted. The bill of lading issued by the defendant contracted to deliver, as already noted, the shipment at pier 20, New York, and routed the shipment "Erie Ry." Since the delay occurred prior to delivery of shipment at destination, the liability of the initial carrier had not ceased. In *Georgia, Florida & Alabama Railway Co.* v. *Blish Milling Co.* (241 U. S. 190, 194–196), Mr. Justice HUGHES said: "* * * The connecting carrier is not relieved from liability by the Carmack Amendment, but the bill of lading required to be issued by the initial carrier upon an interstate shipment governs the entire transportation and thus fixes the obligations of all participating carriers to the extent that the terms of the bill of lading are applicable and valid. * * *

"But 'delivery' must mean delivery as required by the contract * * *.

"We are dealing with a clause in a bill of lading issued by the initial carrier. The statute casts upon the initial carrier responsibility with respect to the entire transportation. The aim was to establish unity of responsibility [cases cited], and the words of the statute are comprehensive enough to embrace responsibility for all losses resulting from any failure to discharge a carrier's duty as to any part of the agreed transportation which, as defined in the Federal Act, includes delivery. It is not to be doubted that if, in the case of an interstate shipment under a through bill of lading, the terminal carrier makes a misdelivery, the initial carrier is liable * * *."

Furthermore, the practice of obtaining receipts and making an extra charge at Jersey City under the tariff, upon which the defendant relies as relieving it from liability, has been declared by the

Interstate Commerce Commission to be unreasonable and, therefore, unlawful. Although the plaintiffs commenced their action before the decision of the Interstate Commerce Commission, nevertheless the plaintiffs are entitled to rely thereon, even though they were compelled, in order to avoid the bar of the Statute of Limitations, to institute this action before this practice was declared to have been unlawful by the Interstate Commerce Commission.

It follows that the determination of the Appellate Term should be reversed, the judgment entered thereon vacated and the judgment of the City Court in favor of plaintiffs affirmed, with costs in this court and in the Appellate Term to the plaintiffs.

DOWLING, P. J., McAVOY, MARTIN and O'MALLEY, JJ., concur.

Determination of the Appellate Term reversed, the judgment thereupon entered vacated, and the judgment of the City Court in favor of plaintiffs affirmed, with costs in this court and in the Appellate Term to the appellants.